```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


MARGETTA LANGLOIS,              )
                                )
          Plaintiff,            )
                                )
     v.                         )  C.A. No. 05-10190-RWZ
                                )
COMMONWEALTH OF MASSACHUSETTS,  )
                                )
          Defendant.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is directed to either pay $150.00 filing fee for civil actions or submit an application to proceed without prepayment of fees. If plaintiff files an application to proceed without prepayment of the filing fee, she shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.

BACKGROUND

Plaintiff brings this pro se action seeking monetary damages in the amount of $500,000 from the Commonwealth for "wrongful conviction." With her complaint, plaintiff submits several documents including copies of newspaper articles, a Board of Bar Overseers complaint against plaintiff's criminal trial counsel as well as documents concerning her

Massachusetts conviction.[1]

In 1997, plaintiff was convicted of maintaining a house of prostitution in violation of G.L. c. 272, § 6 and she subsequently served her sentence at MCI Framingham. It appears that the gravamen of her complaint is that she was wrongfully convicted based upon alleged (1) police misconduct; (2) prosecutorial misconduct; and (3) ineffective assistance of trial counsel.

The Court's records indicate that plaintiff previously filed several civil rights and habeas actions concerning the matters raised in the instant action. See Langlois v. MCI Framingham, C.A. No. 99-10227-RGS (§ 2254 action, dismissed because petitioner no longer in custody); Langlois v. John McBridge, et al., C.A. No. 99-10228-RGS (§ 1983 action, summary dismissal); Langlois v. O'Donnell, C.A. No. 99-10229-RGS (§ 1983 action, summary dismissal); Langlois v. Massachusetts Dep't of Corr., C.A. No. 99-10230-RGS (civil action summarily dismissed), appeal dismissed, No. 00-1125 (appeal dismissed for want of prosecution); Langlois v. Massachusetts Dep't of Corr., C.A. No. 99-10231-RGS (civil

---

[1] Pursuant to Fed. R. Civ. P. 10(c), a Court may treat exhibits to the complaint as "a part [of the pleading] for all purposes" including a motion to dismiss. See Blackstone Realty, LLC v. FDIC, 244 F.3d 193, 195 (1st Cir. 2001).

action summarily dismissed), appeal dismissed, No. 00-1126 (appeal dismissed); <u>Langlois v. Middlesex Superior Court, et al.</u>, C.A. No. 99-10232-RGS (§ 1983 action, summary dismissal); and <u>Langlois v. Middlesex Superior Court, et al.</u>, C.A. No. 99-10233-RGS (§ 1983 action, summary dismissal).

## DISCUSSION

As an initial matter, plaintiff has not paid the filing fee nor filed an application for waiver of the filing fee. A party filing a civil action in this Court must either (1) pay the $150 filing fee for civil actions or (2) file an application to proceed without prepayment of the filing fee. <u>See</u> 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>).

Because Langlois has not submitted the filing fee or an application for waiver of the filing fee, she will be granted additional time to do so. However, plaintiff is advised that her complaint is subject to dismissal.

The Eleventh Amendment[2] generally is recognized as a bar

---

[2]The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens

to suits against a State, its departments and agencies unless the State has consented to suit. Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam). Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh). Here, the Commonwealth has not consented to suit, see Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity). Thus, the Eleventh Amendment bars plaintiff's suit against the Commonwealth. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction).

Moreover, the statute of limitations for claims under the Civil Rights Act is three years. Nieves v. McSweeney, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); cf. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); Mass. Gen. Laws ch.

---

or Subjects of any Foreign State.
U.S. Const. Amend. XIV.

260, § 2A (three-year statute of limitations for personal injury claims).

Thus, because the actions of which plaintiff complains occurred well over three years ago, it appears that this action, to the extent it is brought pursuant to the Civil Rights Act, is untimely.

## CONCLUSION

ACCORDINGLY, if plaintiff wishes to proceed with this action, she shall, within ten (10) days of the date of this Memorandum and Order, (1) either pay the $150.00 filing fee or file an Application to Proceed Without Prepayment of Fees; and (2) if she submits an Application to Proceed Without Prepayment of Fees, she shall also demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above.

If plaintiff fails to either pay the filing fee or file an Application to Proceed Without Prepayment of Fees accompanied by a document demonstrating good cause, this action will be dismissed without prejudice.

The Clerk is directed to send to plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit with this Order.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>4th</u> day of <u>February</u>, 2005.

                                      <u>/s/ Rya W. Zobel</u>
                                      RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE