1/15/05

DEAR MS. ELAINE FLAHERTY +
JUDGE RICHARD G. STEARNS —

FILED
IN CLERKS OFFICE
2005 FEB 16 P 2: 43
U.S. DISTRICT COURT
DISTRICT OF MASS

I, MARGETTA LANGLOIS, please
have called you for over 3 wks +
REQUESTED "All" Impounded Evidence
you PERSONALLY Impounded on CASES

1) 99 — 10227 R.G.S.
2) 99 — 10228 R.G.S.
3) 99 — 10229 R.G.S.
4) 99 — 10230 R.G.S.
5) 99 — 10231 R.G.S.
6) 99 — 10232 R.G.S.
7) 99 — 10233 R.G.S.

PLEASE TURN ALL EVID. TO CLERK OVER TO THIS CASE NOT FOR 05-10190 RWZ

I ASKED you on your VOICEMAIL 6 x's
AND MORE TO PLEASE SEND "All EVID."
OVER TO U.S.D.A's CRIMINAL OFFICE
for 2/16/05 — I will pick up — +place
into my New CASE — AFTER I View
All EVID in from of U.S.D.A Criminal
on 2/16/05 PLEASE Respect my
WISHES — AND so I CAN ENTER ALL
including AUDIO TAPE of COPS CAUGHT
DOING AN ILLEGAL SEARCH — TO SHOW I
WAS "CONVICTED" Illegally + wrongfully +
THIS JUDGE HAS IGNORED ALL my EVID
WITHOUT HEARINGS SUMMONS RETURNED —
I WANT DEFAULTS ON ALL cc JUDGE ZOBEL
cc GOVERNOR Romney

C.C. U.S. MARSHEL / JUDGE R.G. STEARNS
C.C U.S.D.A. CRIMINAL
MR CHRIS BRAIDS

2C U.S.DC CLERK'S FOR THE RECORD FOR NEW CASE.

PLEASE DO NOT TELL me IT ALL GOT LOST OR misplaced —
I ASKED YOU TO GIVE IT TO U.S.D.A.'S MR. BRAIDS 3 WEEKS AGO ON YOUR VOICEMAIL

Respectfully Submitted
Margetta Langlois Pro Se'
2/15/05

"ALL EVID." IS BEING USED FOR NEW CASE BEFORE JUDGE ZOBEL



FILED
IN CLERKS OFFICE

2005 FEB 16  P 2: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

1/15/05

DEAR MS. ELAINE FLAHERTY &
JUDGE RICHARD G. STEARNS —

I MARGETTA LANGLOIS please
have called you for over 3 wks. &
requested "All" Impounded evidence
you PERSONALLY Impounded on cases

1) 99 — 10227 R.G.S.
2) 99 — 10228 R.G.S.
3) 99 — 10229 R.G.S.
4) 99 — 10230 R.G.S.
5) 99 — 10231 R.G.S.
6) 99 — 10232 R.G.S.
7) 99 — 10233 R.G.S.

PLEASE TURN ALL EVID. OVER TO JUDGE ZOBEL'S CLERK FOR CASE 05-10190 RWZ

FILED IN CLERKS OFFICE 2005 FEB 16 A 2:44 U.S. DISTRICT COURT DISTRICT OF MASS.

I asked you on your voicemail 6 xs
and more to PLEASE SEND "All evid."
over to U.S.D.A.'s Criminal office
for 2/16/05 — I will pick up — & place
into my new case — AFTER I review
All evid in from of U.S.D.A Criminal
on 2/16/05 Please Respect my
wishes — and so I can enter all
including audio tape of cops caught
doing an illegal search — to show I
was "convicted" illegally & wrongfully &
the judge has ignored all my evid
without hearings summons returned — cc Judge Zobel
w/out defaults on all cc Governor Romney

C.C. [illegible] Langley v Judge R.G. Stearns
C.C. U.S.D.A. Criminal —
    Ms Chris Brands

To U.S.D.C. Clerk's
For The Record
For New Case.

Please do not
tell me it all
got lost or
misplaced —
I asked you
to give it
to U.S.D.A.'s
Ms. Brands
3 weeks ago on your voicemail —

Respectfully
Submitted
Marjetta
Langlois
Pro Se
2/15/05

"All Evid." is being used
for new case before Judge
Zobel.

*[Handwritten annotation top-left: "CORRECTION"]*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*[Stamp: FILED IN CLERK'S OFFICE 2005 FEB 16 P 2:44 U.S. DISTRICT COURT DISTRICT OF MASS.]*

MARGETTA LANGLOIS, )
　　　　　　　　　　　　　　　　 )
　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　 )
　　v. )　C.A. No. 05-10190-RWZ
　　　　　　　　　　　　　　　　 )
COMMONWEALTH OF MASSACHUSETTS, )
　　　　　　　　　　　　　　　　 )
　　　　　　　Defendant. )

*[Handwritten: "CASE SHOULD NOT Be Dismissed — w/out Hearing And All Evid Impounded"]*

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is directed to either pay $150.00 filing fee for civil actions or submit an application to proceed without prepayment of fees. If plaintiff files an application to proceed without prepayment of the filing fee, she shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.

## BACKGROUND

Plaintiff brings this **pro se** action seeking monetary damages in the amount of $500,000 from the Commonwealth for "wrongful conviction." With her complaint, plaintiff submits several documents including copies of newspaper articles, a Board of Bar Overseers complaint against plaintiff's criminal trial counsel as well as documents concerning her

*[Handwritten annotations in margins: "All Evid From 9/99, Joy —"; "Please Have Elaine Flaherty give all evid over"; "Please get all evid Impounded by Justice R.G. Stearns 'Illegally' + I'm sure evid. is missing never Docketed or Recorded By Elaine Flaherty w/ty —"]*

Massachusetts conviction.[1]

In 1997, plaintiff was convicted of maintaining a house of prostitution in violation of G.L. c. 272, § 6 and she subsequently served her sentence at MCI Framingham. It appears that the gravamen of her complaint is that she was wrongfully convicted based upon alleged (1) police misconduct; (2) prosecutorial misconduct; and (3) ineffective assistance of trial counsel.

The Court's records indicate that plaintiff previously filed several civil rights and habeas actions concerning the matters raised in the instant action. See Langlois v. MCI Framingham, C.A. No. 99-10227-RGS (§ 2254 action, dismissed because petitioner no longer in custody); Langlois v. John McBridge, et al., C.A. No. 99-10228-RGS (§ 1983 action, summary dismissal); Langlois v. O'Donnell, C.A. No. 99-10229-RGS (§ 1983 action, summary dismissal); Langlois v. Massachusetts Dep't of Corr., C.A. No. 99-10230-RGS (civil action summarily dismissed), appeal dismissed, No. 00-1125 (appeal dismissed for want of prosecution); Langlois v. Massachusetts Dep't of Corr., C.A. No. 99-10231-RGS (civil

---

[1] Pursuant to Fed. R. Civ. P. 10(c), a Court may treat exhibits to the complaint as "a part [of the pleading] for all purposes" including a motion to dismiss. See Blackstone Realty, LLC v. FDIC, 244 F.3d 193, 195 (1st Cir. 2001).

2

action summarily dismissed), appeal dismissed, No. 00-1126 (appeal dismissed); <u>Langlois v. Middlesex Superior Court, et al.</u>, C.A. No. 99-10232-RGS (§ 1983 action, summary dismissal); and <u>Langlois v. Middlesex Superior Court, et al.</u>, C.A. No. 99-10233-RGS (§ 1983 action, summary dismissal). *All dismissed without 30 day summons returned no hearings no evid. r aud). Tape, P.I. Aff., copy of S.W. all thrown into impoundment not docket why?!*

## DISCUSSION

As an initial matter, plaintiff has not paid the filing fee nor filed an application for waiver of the filing fee. A party filing a civil action in this Court must either (1) pay the $150 filing fee for civil actions or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>). *Pd. 2/10/05 By check*

Because Langlois has not submitted the filing fee or an application for waiver of the filing fee, she will be granted additional time to do so. However, plaintiff is advised that her complaint is subject to dismissal. *Pd. 2/10/05 By check*

The Eleventh Amendment[2] generally is recognized as a bar

---

[2]The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens

3

*Violations of Plaintiff's Civil Rights Notice & Requests for Hearings Ignored why? All Evid Impounded*

to suits against a State, its departments and agencies unless the State has consented to suit. <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1978) (per curiam). Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14 (1985) (citing <u>Pugh</u>). Here, the Commonwealth has not consented to suit, <u>see</u> <u>Brown v. Newberger</u>, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity). Thus, the Eleventh Amendment bars plaintiff's suit against the Commonwealth. <u>See</u> <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction).

Moreover, the statute of limitations for claims under the Civil Rights Act is three years. <u>Nieves v. McSweeney</u>, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); <u>cf.</u> <u>Rodriguez-Garcia v. Municipality of Caguas</u>, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); Mass. Gen. Laws ch.

---

or Subjects of any Foreign State.
U.S. Const. Amend. XIV.

4

GOVERNOR Romey PASSED A New LAW FOR "WRONGFULLY CONVICTED". 1/1/05

260, § 2A (three-year statute of limitations for personal injury claims). *HAS Been plenty of action on all cases BEFORE 99-10237 R.GS TO 99-10233 R.GS, NOT Docketed All Denied Why?*

Thus, because the actions of which plaintiff complains occurred well over three years ago, it appears that this action, to the extent it is brought pursuant to the Civil Rights Act, is untimely. *JUDGE HAS Impounded all Suits + Denying Plaintiff's Rights To He hron GS + Defaults — Why?*

### CONCLUSION

ACCORDINGLY, if plaintiff wishes to proceed with this action, she shall, within ten (10) days of the date of this Memorandum and Order, (1) either pay the $150.00 filing fee or file an Application to Proceed Without Prepayment of Fees; and (2) if she submits an Application to Proceed Without Prepayment of Fees, she shall also demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above. *PD. By CHECKS —*

If plaintiff fails to either pay the filing fee or file an Application to Proceed Without Prepayment of Fees accompanied by a document demonstrating good cause, this action will be dismissed without prejudice. *2/10/05 Pd. By CHECK*

The Clerk is directed to send to plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit with this Order.

SO ORDERED.

*Pd. 2/10/05 By check no reply fees*

5

*Marietta Langlois 2/16/05 ... U.S. Judge ... U.S. Dist. ... Martha Cookley ... U.S. AG GS ... Steven*

Dated at Boston, Massachusetts, this <u>4th</u> day of <u>February</u>, 2005.

                                          <u>/s/ Rya W. Zobel</u>
                                          RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE

---

<u>EVID. TO BE PRODUCED AT PRE-TRIAL HEARING</u> WITHHELD BY PROSECUTORS, D.A. + A.D.A. (#6, #7, #8) POLICE (#5 mc BRIDE - + ALL LAWYERS AFTER #6, #7, #8)

1) <u>AUDIO TAPE</u> NEVER produced + w/HELD AT TRIAL DUE TO POLICE CONDUCTING ILLEGAL SEARCH w/ NO SEARCH WARRANT -

2) <u>P.I. KEVIN FLYNN</u> w/ HELD BY ALL TO TESTIFY ___ w/ POLICE COMMITTING PERJURY TO FALSELY INDICT - WILL TESTIFY NOW TO TELL CONSPIRACY, COLLUSION + COVER-UP.

3) #2 RICHARD DAVIDSON TO TESTIFY ① ALL EVIS. TAMPERED WITH BY COMM. + POLICE ONCE IN THEIR CUSTODY ___ ② SEARCH WARRANT 8 days ISSUED AFTER ___ INVALID - ③ MONIES MISSING - ④ STATEMENT FALSE + FORGED ⑤ INDICTMENTS FALSE, PERJURY, + DISTORTED, BY COPS (FALSELY INDICTED) w/ EVIS. 6) FALSE + DESTROYED EVID - BY POLICE + JOHN C. McBRIDE REFUSED TO PRESENT EVERYTHING TO JUDGE ALONE w/ A.S.A. D.A. POLICE, EXPERT w/BRIBE ATTORNEY BILLY KEEFE UNCOVERED EVIS (w/HELD BY McBRIDE TO FINALLY CONVICT- ALL CAN BE PROVEN.