Margetta Langlois

vs.

Commonwealth of Massachusetts,
Tom Reilly, individually and as District Attorney
February 28, 1996 to January 20, 1999

and

Martha Coakley, individually and as District Attorney
January 20, 1999 to Present (May 2006).

CASE NO. 2005-CV-10190-RWZOBEL

FILED
IN CLERKS OFFICE

2006 JUN -2  A 7 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

### NOTICE TO APPEAL CASE ABOVE: FOR TWO YEARS, 1 DAY FALSE AND WRONGFUL CONVICTION FOR $500,000.00 AS GOVERNOR ROMNEY SIGNED ON JANUARY 1, 2005 THE BILL FOR WRONGFUL CONVICTIONS. THAT PLAINTIFF, MARGETTA LANGLOIS FILED ON JANUARY 5, 2005 IN U.S. DISTRICT COURT (CIVIL), THAT WAS DISMISSED BY JUDGE ZOBEL ON MAY 2, 2006 AFTER PLAINTIFF ASKED FOR A 20-DAY EXTENSION WHICH WAS DENIED.

Plaintiff, Margetta Langlois files an appeal on today, May 31, 2006, for the $500,000.00 that she is entitled to and has been denied, illegally. This case has great merits to succeed. Margetta Langlois can prove with the listed counts below:

### COUNT 1

Prosecution withheld Exculpatory Evidence.

### COUNT 2

Prosecution and Police Tampered with Evidence, by Attorney (Public Defender) Richard Davidson who withdrew off of this case to become a Witness and to testify in Margetta's behalf. Richard Davidson was the <u>only</u> witness that was allowed to testify out of 20 witnesses. Richard Davidson put his license, reputation and name on the line believing Margetta Langlois was innocent of all charges including the Tampered Evidence on September 12, 1997 before Judge Malcolm Graham.

### COUNT 3

Audio Tape never heard at the Trial and was withheld by Lowell Police and the Commonwealth of Massachusetts, A.D.A. Yvonne Bellefontane and Defense Attorney, John C. McBride (who is now disbarred). The Audio Tape was never heard on September

11 and 12th of 1997 as it was in McBride's possession for those 2 days. The Defendant, Margetta Langlois requested for the Audio Tape to be heard as Evidence on her behalf with the Officers being caught on the tape doing an illegal Search and Seize of all evidence taken without a Search Warrant. McBride refused his Defendant's request and covered up the botched up case for a personal favor by selling his client for 2 years and 1 day. He never applied for any appeals on her behalf from September 12, 1999 to Present, May 2006. However, McBride was paid in full of $3,500.00 from her son, Steven Hatch and his wife, Michelle Hatch but using the monies for her personal use.

### COUNT 4

Audio Tape, Exhibit shows Illegal Search and Seize without a Warrant. Please listen to the Audio Tape that is in the file of the case listed above. Shows the Officer is applying for the Search Warrant after the Search and his pager went off.

### COUNT 5

Search Warrant on February 28, 1996. Received 8 days later, March 6, 1996. (That particular year has **29 DAYS IN FEBRUARY OF 1996**.

### COUNT 6

Malicious Prosecution by Commonwealth of Massachusetts and Lowell Police and John C. McBride, was a cover up for District Attorney, Tom Reilly being a Customer of Massage. This is why this case can never surface the truth especially during Elections once again. Exculpatory Evidence and not marked in as Evidence. Private Investigator, Kevin Flynn found Audio Tape that was not marked in as Evidence by the Commonwealth of Massachusetts and/or Lowell Police.

### COUNT 7

Conspiracy, Collusion, Corruption and Cover up, it does not stop. Commonwealth of Massachusetts, A.D.A., Yvonne Bellefontane and District Attorney, Tom Reilly (being involved in case personally) for Massage. Also Magistrate of Lowell District Court, Warren Desaulner, not only a Customer but issued and signed Judge Neil Walker's name to the Alleged Warrant on February 28, 1996. The Search Warrant was clocked, received to the Police on March 6, 1996 at 10:36 a.m. See Search Warrant to prove Illegal.

### COUNT 8

Obstruction of Justice:
    a. Conspiracy
    b. Collusion
    c. Corruption
    d. Cover up (due to the Political Issues of this Case).

COUNT 9

Marked money stolen out of Evidence Room at Lowell Police Department and Commonwealth's possession.

COUNT 10

Thrown into Trial with no 20 + Witnesses on the case September 11 and 12, 1997- CASE NO. 96-1416-001-002 and Audio Tape.

COUNT 11

Conflicting testimonies of Commonwealth's Witnesses (3-4 Police Officers and 1 New Hampshire Officer/Customer, Timothy Goulden. Who perjured himself and changed his testimony from August of 1996 indictments to Pre-Trial July 7 and 8, 1997, that he in fact that he solicited Masseuse and he was completely naked. No crime was committed by the Masseuse, only by the Officer, Timothy Goulden. Commonwealth's Witnesses were thrown on Trial List the day of the Trial, September 11 and 12, 1997 with no 30 day Notice to Defendant and Defense Attorney.

COUNT 12

Defendant's money for her monthly bills were used as Evidence. Commonwealth used her money as Evidence in the Trial. Different Denominations from Commonwealth's marked money. Docket Sheet enclosed in the file as Evidence (CASE NO. 96-1416-001-002).
    a. Deriving indictment dismissed.
    b. Maintaining House of Prostitution cannot be valid with no crime and/or solicitation committed by Masseuse, only by the Officer/Customer. See Transcripts on CASE NO. 96-1416-001-002.

Therefore, the Plaintiff, Margetta Langlois on this CASE NO. 2005-CV-10190-RWZOBEL will prove to the Appeal's Court that the Plaintiff is entitled for the $500,000.00 an monetary damages for the False Charges and 2 years, 1 day for WRONGFUL IMPRISONMENT.

Attorney, Billy Keefe proved beyond reasonable doubt on July 7 and 8, 1997
    (1.) False and Distorted Indictments.
    (2.) False and Destroyed Evidence.
    (3.) False and Forged Statements by Margetta Langlois, the Defendant in CASE No. 96-1416-001-002).

Judge Malcolm Graham's Conclusions were:
    (1.) <u>Discrepancy in Alleged Marked Money</u> in possession on Trial dated September 11 and 12, 1997.

(2.) <u>Conflicting Testimonies of all of the Commonwealth's Witnesses (all Officers) in Transcripts which falsely convicted Margetta Langlois by committing perjury by the Officers.</u>

(3.) Audio Tape never heard in September 11 and 12, 1997, Alleged Trial before Judge Malcolm Graham. And if it had been, the Trial would have been dismissed immediately. Defendant had on the table a copy of the Audio Tape for the Illegal Search. And if this tape had been used, the case would have been dismissed due to the Illegal Search and Seize.

### COUNT 13

Marked money stolen "Defendant's Monthly Bill Money" used as Evidence taken out of the envelope with bills for her **rent, telephone, electric, cable and ad** used as Commonwealth's Evidence.

### COUNT 14

Commonwealth's Witnesses, Officer, Timothy Goulden "perjured" himself on July 7 and 8, 1997 and also on Trial on September 11 and 12, 1997.

The Plaintiff can prove beyond reasonable doubt with extreme merits of this case that was withheld. Therefore, the Plaintiff, Margetta Langlois asks the Court to view all evidence and listen to the Audio Tape in the file and grant in her favor this Appeal. Due to the Commonwealth trying to bury the Truth over the period of 10 years.

I sign under the pains and penalties of perjury with all above stated is the truth. Please do not dismiss this case. And if Oral Arguments are needed and allowed, I will fly up from Florida for a hearing.

The Plaintiff **demanded** a Trial by Jury, not a Judge Jury in the original filing on January 5, 2005.

Respectfully Submitted,

*Margetta Langlois* 5/31/06
Margetta Langlois    May 31, 2006