**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 06-1956

MARGETTA LANGLOIS,

Plaintiff, Appellant,

v.

COMMONWEALTH OF MASSACHUSETTS,

Defendant, Appellee.

Before

Boudin, Chief Judge,
Selya and Stahl, Senior Circuit Judges.

JUDGMENT

Entered: March 8, 2007

    Pro se appellant Margetta Langlois appeals from the denial of her motion to vacate an order dismissing her civil rights complaint against the Commonwealth of Massachusetts. We review the district court's ruling for abuse of discretion, Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002), and affirm.

    The district court originally dismissed the complaint because Langlois had not complied with its order directing her to serve process on the defendant within 10 days. It then denied her motion to vacate its dismissal order, pointing out that her return of service had not been filed until after it had dismissed her complaint. Although Langlois had alleged that she had tried to obtain an extension of time for making service, the court stated that no such motion was reflected in the record.

    On appeal, Langlois contends that she could not meet the court's deadline for serving the defendant because written notice of its order was first sent to an old address of hers and so

reached her belatedly. But her district court filings indicate that she also received notice of the order at an earlier point in time when she called the district court. She does not maintain that <u>this</u> notice came too late for her to comply with the court's deadline.

Langlois also argues that she filed a motion for an extension of time in which to make service and that her motion was never docketed. However, the filing she mentions did not expressly or clearly request an extension of time, and the district court cannot be faulted for not recognizing her intent. See <u>United States</u> v. <u>Mala</u>, 7 F.3d 1058, 1062 (1st Cir. 1993) ("District judges are not expected to be mind readers.").

Finally, we note that an affirmance would also be appropriate for other reasons. See, e.g., <u>Will</u> v. <u>Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989) (holding that a state is not a "person" subject to suit under 42 U.S.C. § 1983).

<u>Affirmed.</u>

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
MARGARET [illegible]
Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

_/s/ [signature]_
**Deputy Clerk**

**Date:** 5/23/07

[cc: Margetta Langlois ]